**ALD-189**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-1883

IN RE:  BASIM HENRY,
                                              Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-07-cv-04080)

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 6, 2010

Before:  SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed: May 11, 2010)

OPINION

PER CURIAM

Basim Henry, a federal prisoner proceeding pro se, filed a petition for a writ of

mandamus.  He requests that this Court grant him credit towards his federal sentence for

time served at a county jail.  He also alleges a claim of ineffective assistance of counsel.

For the reasons stated below, we will deny the petition.

In August 2007, Henry filed a motion pursuant to 28 U.S.C. § 2255 in the District

Court arguing that he should receive credit for time served in the county jail.  The

Government filed an opposition. Henry then filed a motion for summary judgment, in which he alleged, inter alia, that trial counsel was ineffective. The Government submitted another opposition, arguing that all claims were patently frivolous and should be dismissed with prejudice. The District Court has not yet ruled on either Henry's § 2255 motion or his motion for summary judgment.

Henry filed a petition for writ of mandamus on April 13, 2010. He argues that the Government "failed to present a cognizable and valid defense" to his § 2255 motion and that mandamus would cure violations of his Fifth and Sixth Amendment rights. He specifically requests mandamus relief in the form of credit towards his federal sentence for time served at a county jail.

The writ of mandamus is an extreme remedy that is granted only when there is no other remedy available to the petitioner and the petitioner's right to mandamus relief is clear and indisputable. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Pasquariello, 16 F.3d 525, 529 (3d Cir. 1994). While a district court has discretion over the management of its docket, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982), a federal appellate court "may issue a writ of mandamus on the ground that [the district court's] undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). In addition, mandamus may not be used as a substitute for the regular appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

2

Both Henry's § 2255 motion and his motion for summary judgment remain pending in the District Court. To the extent that he argues that the District Court is delaying resolution of his claims, he has not shown that he is entitled to mandamus relief. While approximately five months have elapsed since the Government filed its opposition to Henry's motion for summary judgment, we cannot conclude that the overall delay rises to the level of a denial of due process. We are confident that the District Court will enter an order in due course.

Alternatively, to the extent that Henry seeks direct relief from this Court, without waiting for the District Court to take action on his filings, mandamus is not appropriate. Given that he currently has the very same claims pending before the District Court, he cannot claim that he lacks adequate means to obtain relief "if an appeal taken in due course after entry of a final judgment would provide an adequate alternative to review by mandamus." Briscoe, 448 F.3d at 212 (citing Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996). As Henry may still pursue an appeal if he is unsuccessful in the District Court, he is not entitled to mandamus relief. See also Kerr, 426 U.S. at 403. Accordingly, the petition is denied.